UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          Case No. 8:05-cr-420-T-30TBM

SERGIO PANTOJA,

    Defendant.
_____/

**O R D E R**

THIS CAUSE is before the court on the **Motion to Appear Pro Hac Vice** (Doc. 106) filed by Bruce Maloy, Esq. and the **United States' Motion for a Hearing Regarding Potential Conflict of Interest** (Doc. 107). A hearing on the motions was conducted March 9, 2006.

For a second time, Mr. Maloy seeks to appear as counsel for Mr. Pantoja.[1] In response, the government has filed a motion requesting that the court determine the existence of any potential conflict in counsel's representation of Mr. Pantoja and if necessary, conduct a hearing pursuant to United States v. Garcia, 517 U.S. 272 (5th Cir.1975). In essence, the government proffers four areas of potential evidence at the trial of this cause which raise concerns over the propriety of Mr. Maloy representing Mr. Pantoja. Each of those areas of potential evidence has been thoroughly addressed, and while it appears that two of the areas of potential evidence do raise concerns with Mr.

---

[1] Counsel agreed to withdraw his original motion to appear *pro hac vice* at a hearing on December 15, 2005, so that the matter might proceed forward to arraignment and counsel could discuss the government's concerns with his appearance in this cause. Patrick Doherty, Esq., was appointed to represent Mr. Pantoja under the Criminal Justice Act. Counsel have discussed the government's concerns and Mr. Maloy believes it appropriate that he represent Mr. Pantoja, whom he has represented for over twenty years.

Maloy's representation, there is no actual conflict demonstrated, nor is there evidence of any impropriety on the part of Mr. Maloy, which might warrant the court in overruling Mr. Pantoja's request that he be represented by Mr. Maloy and the denial of his motion to appear *pro hac vice*. Consequently, the court has conducted a <u>Garcia</u> hearing advising Mr. Pantoja of the potential harm to his defense that could arise from representation by Mr. Maloy. Upon such inquiry, the court is satisfied with the competence of Mr. Pantoja, his understanding of the potential harm to his case should Mr. Maloy be permitted to represent him, and the significance of a waiver of such conflicts. Upon such inquiry, I find that Mr. Pantoja knowingly, intelligently, and voluntarily waives is right to conflict free representation and the right to hereafter protest in this court or on appeal any harm or prejudice which may arise by reason of Mr. Maloy's representation.

Accordingly, Mr. Maloy's **Motion to Appear Pro Hac Vice** (Doc. 106) is **GRANTED**. Mr. Maloy shall promptly file a written designation and consent to act on the part of a member of the Middle District bar in accordance with the provisions of Local Rule 2.02. Mr. Doherty is relieved of further responsibility for Mr. Pantoja's defense apart from assuring that the discovery in his possession is made available to Mr. Maloy.

**Done and Ordered** in Tampa, Florida, this 10th day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Stephen Muldrow, Assistant United States Attorney
Bruce Maloy, Counsel for Defendant
Pat Doherty